DAVID K. COHN, SBN 68768
CHAIN | COHN | STILES
1731 Chester Avenue
Bakersfield, CA 93301
E-mail: dcohn@chainlaw.com
Telephone: (661) 323-4000
Facsimile: (661) 324-1352

Attorneys for Claimants, Jason Okamoto,
and "Z.S.," a minor by and through
Brittney Saucedo

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON OKAMOTO, individually and as successor-in-interest to CHRISTOPHER OKAMOTO, Deceased; "Z.S.," a minor by and through her Guardian ad Litem, Brittney Saucedo<br><br>                          Plaintiffs,<br>                    v.<br>CITY OF BAKERSFIELD; OFFICER ALEJANDRO PATINO; DOES 1 to 20, inclusive,<br><br>                          Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) **Violation of 4th and 14th Amendments (42 U.S.C. §1983)**<br>(2) **Violation of 14th Amendment - Substantive Due Process (42 U.S.C. §1983)**<br>(3) **Conspiracy to Violate Civil Rights (42 U.S.C. §1983)**<br>(4) **Wrongful Death (California Law)**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This case arises out of the wrongful death of Christopher Okamoto occurring on August 19, 2018 in Bakersfield, California. Officers with the Bakersfield Police Department arrived at Mr. Okamoto's apartment and demanded that he open the door. At all relevant times Mr. Okamoto remained within his private residence with a metal security screen door closed. Despite Mr. Okamoto posing no immediate threat, officers immediately opened fire upon the apartment's security metal screen door opening, killing Mr. Okamoto.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-1-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiffs are the father and daughter of Christopher Okamoto, and bring claims for civil rights violations based upon the 4th and 14th Amendments and 42 U.S.C. §1983, as well as for wrongful death under California law.

## COMPLAINT FOR DAMAGES

Plaintiffs, JASON OKAMOTO and "Z.S." a minor by and through her Guardian ad Litem, Brittney Saucedo, for their complaint against the CITY OF BAKERSFIELD; ALEJANDRO PATINO and DOES 1 to 20, inclusive, allege as follows:

## PARTIES

1.    At all relevant times, Plaintiff, JASON OKAMOTO, is and was the biological father of CHRISTOPHER OKAMOTO ("Decedent").

a.    In his capacity as Decedent's successor-in-interest, JASON OKAMOTO brings a claim for the violation of Defendants of Decedent's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution to be secure in his person and to be free from excessive use of force, pursuant to 42 U.S.C. §§ 1983, 1988, and California Code of Civil Procedure §377.20 et seq.

b.    In his individual capacity, JASON OKAMOTO brings a claim for the violation by Defendants of his own substantive due process rights under the Fourteenth Amendment to the United States Constitution to a familial relationship and companionship with Decedent, by using excessive force against Decedent, resulting in the death of Decedent and termination of said relationship, pursuant to 42 U.S.C. § 1983.

c.    In both his individual capacity and in his capacity as successor-in-interest to Decedent, JASON OKAMOTO brings a claim for Conspiracy to Violate Civil Rights under Federal Law, pursuant to 42 U.S.C. §§ 1983, 1988, and California Code of Civil Procedure §§ 377.20 et seq., and 377.60.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-2-

d.     In his individual capacity and in his capacity as successor-in-interest to Decedent, JASON OKAMOTO brings a claim for the Wrongful Death of Decedent under California law, pursuant to C.C.P. §377.60.

2.     At all relevant times, Plaintiff, Z.S., is and was a minor, dependent upon Decedent for at least one-half of her support, and who resided with Decedent for at least one hundred-eighty days prior to Decedent's passing. Decedent held Z.S. out to the community as his daughter.

a.     In her individual capacity, Z.S. brings a claim for the violation by Defendants of her own substantive due process rights under the Fourteenth Amendment to the United States Constitution to a familial relationship and companionship with Decedent, by using excessive force against Decedent, resulting in the death of Decedent and termination of said relationship, pursuant to 42 U.S.C. § 1983.

b.     In her individual capacity, Z.S. brings a claim for Wrongful Death of Decedent under California law, pursuant to C.C.P. §377.60.

3.     A Petition to Appoint Brittney Saucedo as Guardian ad Litem for Z.S. is filed concurrently herewith.

4.     Plaintiffs, JASON OKAMOTO and Z.S. are hereinafter collectively referred to as "PLAINTIFFS."

5.     At all relevant times, Defendant, CITY OF BAKERSFIELD, is and was a duly organized public entity, existing under the laws of the State of California. Specifically, Defendant, CITY OF BAKERSFIELD, is a chartered subdivision of the State of California with the capacity to sue and be sued.

6.     Defendant, CITY OF BAKERSFIELD, is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies At all relevant times, CITY OF BAKERSFIELD was responsible for ensuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and State of California.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-3-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

7.     Defendant, CITY OF BAKERSFIELD, is vicariously liable for the conduct of ALEJANDRO PATINO and DOES 1 to 10, inclusive (hereinafter collectively "OFFICER DEFENDANTS"), and DOES 11 to 20, inclusive, each of whom were, upon information and belief, supervisors, directors, or other policy makers with the CITY OF BAKERSFIELD, pursuant to Government Code § 815.2. At all relevant times, CITY OF BAKERSFIELD was the employer of the OFFICER DEFENDANTS and DOES 11 to 20.

8.     Upon information and belief, in actions and/or omissions herein alleged, the OFFICER DEFENDANTS and DOES 1 to 20, inclusive, were acting on the implied and actual permission and consent of the CITY OF BAKERSFIELD.

9.     The true names of DOES 11 to 20, inclusive, are unknown to PLAINTIFFS, who therefore sue these defendants by fictitious names. PLAINTIFFS will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct and liabilities alleged herein.

10.     Upon information and belief, at all relevant times, each of the OFFICER DEFENDANTS were residents of the State of California.

11.     The OFFICER DEFENDANTS and DOES 11 to 20, inclusive, are directly liable for PLAINTIFFS' injuries under both state law and federal law pursuant to 42 U.S.C. § 1983 and are sued in their individual capacities for damages only.

12.     On or about February 1, 2019, Plaintiffs individually submitted comprehensive and timely claims for damages with the City of Bakersfield pursuant to Government Code § 910, et seq. A copy of Plaintiff, Jason Okamoto's claim is attached hereto as Exhibit "A". A copy of Plaintiff, Z.S.'s claim is attached hereto as Exhibit "B". On March 18, 2019, Plaintiffs' claims were deemed denied by operation of California Law.

///

///

///

## JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiffs' Federal Civil Rights claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§ 1331, 1343. This Court has supplemental jurisdiction over Plaintiffs' California State Law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) because (1) a substantial part of the events giving rise to these claims occurred in this judicial district, and (2) Defendants reside within this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

15. The foregoing allegations are incorporated as if re-alleged herein.

16. At all relevant times, OFFICER DEFENDANTS were acting under color of law and as employees of the CITY OF BAKERSFIELD.

17. On or about August 19, 2018, Decedent was lawfully inside his apartment located at 4809 Hahn Avenue, Unit #46 in Bakersfield, along with his girlfriend and Z.S.

18. Upon information and belief, a currently unidentified individual called the CITY OF BAKERSFIELD's Police Department and complained of noise coming from said apartment.

19. OFFICER DEFENDANTS arrived at the apartment and began banging on the security screen and/or door frame, demanding that Decedent come to the door.

    a. The apartment had two doors: a standard wooden door on the inside and a metal security screen on the outside.

20. Upon Decedent complying with commands and opening the wooden door, one or more OFFICER DEFENDANTS opened fire, shooting Decedent multiple times.

21. Decedent survived for a period of time after the shooting but thereafter died.

22. At all relevant times the metal security screen door remained closed, and Decedent remained within the confines of his private residence.

23. OFFICER DEFENDANTS failed to properly assess the circumstances presented to them and thus unreasonably escalated to deadly force

24. Decedent did not pose a reasonable threat of violence to the OFFICER DEFENDANTS, nor did he do anything to justify the use of deadly, excessive and unreasonable force against him by the OFFICER DEFENDANTS.

25. The CITY OF BAKERSFIELD is responsible (1) for the aforementioned conduct of the OFFICER DEFENDANTS who were acting within the course and scope of their employment, (2) for the CITY OF BAKERSFIELD's own failure to train and supervise the OFFICER DEFENDANTS, and (3) for the retention and/or lack of discipline of the OFFICER DEFENDANTS despite their demonstrated unfitness.

26. The CITY OF BAKERSFIELD is responsible for the conduct of DOES 11 to 20, inclusive, as each was acting within the course and scope of their employment therewith at all relevant times hererin.

## **FIRST CLAIM FOR RELIEF**

Violation of 4th and 14th Amendments

Excessive Force (42 U.S.C. §1983)

(Against Defendants City of Bakersfield, Alejandro Patino,

and Does 1 to 20, inclusive)

27. The foregoing allegations are incorporated as if re-alleged herein.

28. OFFICER DEFENDANTS, while acting within the course and scope of their authority and under color of law, used excessive and objectively unreasonable force against Decedent when they shot Decedent multiple times injuring and ultimately killing him.

29. OFFICER DEFENDANTS, while acting within the course and scope of their authority and under color of law, used deadly force - i.e., force that created a substantial risk of death or serious bodily injury, as elucidated in, *e.g., Smith v. City of Hemet*, 394 F.3d 698,704-707 (9th Cir. 2005) (en banc), cert. denied, 125 S.Ct 2938, 162 L.Ed.2d 866 (2005) – despite the fact that: (a) it was not necessary to use such deadly force to prevent escape; and (b) they did not have probable cause to believe that Plaintiff posed a significant threat of death or serious physical injury to said Defendants or others.

30.     In addition and/or in the alternative to the preceding allegations, OFFICER DEFENDANTS, while acting within the course and scope of their authority and under color of law, and in performing the acts alleged above, acted with deliberate indifference, as elucidated in, *e.g., Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991), cert. denied, 112 S.Ct. 972 (1992), to Decedent's rights to be free from punishment.

31.     In addition and/or in the alternative to the preceding allegations, OFFICER DEFENDANTS, while acting within the course and scope of their authority and under color of law, used excessive threats of force, force and violence that amounted to punishment, as elucidated in, *e.g., Graham v. Connor*, 490 U.S. 386, 395 n.10, 109 S.Ct. 1865, 1871 n.10, 104 L.Ed.2d 443 (1989) against and upon the Decedent, in a willful, malicious, and unlawful manner and without cause, provocation or legal justification thereby causing Decedent's death.

32.     OFFICER DEFENDANTS, while acting within the course and scope of their authority and under color of law, deliberately, knowingly and intentionally failed to intercede, as articulated in, *e.g, United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), when their fellow officers violated the constitutional rights of Decedent.

33.     Defendants, CITY OF BAKERSFIELD and DOES 11 to 20, inclusive, are responsible for implementing, maintaining, sanctioning and/or condoning policies, customs and/or practices with respect to the use of force by officers employed and under the supervision thereof.

34.     Plaintiff is informed and believes and therefore alleges that the abovementioned conduct of the OFFICER DEFENDANTS was consistent with the policies, customs and practices set forth by the CITY OF BAKERSFIELD and DOES 11 to 20, inclusive, by and through its supervising officers and/or agents, regarding the use of force, and that the force used by the OFFICER DEFENDANTS was ratified by the CITY OF BAKERSFIELD and DOES 11 to 20, inclusive.

35.     Plaintiff is informed and believes and therefore alleges that at all relevant times, defendants, CITY OF BAKERSFIELD and DOES 11 to 20, inclusive, knew or should have

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

known that their customs, practices, and/or policies regarding use of force were so inadequate that it was obvious that a failure to correct them would result in future incidents of excessive force by their subordinates, officers, employees and/or agents. Said Defendants, and each of them, knew or should have known, that acts and/or omissions similar to those complained of herein were likely to occur.

36. At all relevant times, defendants, CITY OF BAKERSFIELD and DOES 11-20, inclusive, authorized and/or acquiesced in the aforementioned customs, practices, policies and the commission of the type of acts by its officers similar to those which are alleged herein to have caused the injuries to Decedent. Furthermore, said Defendants were deliberately indifferent to the probability of the occurrence of such acts and failed to correct said customs, practices and policies, thereby causing excessive force to be applied to Decedent.

37. Defendants, CITY OF BAKERSFIELD, and DOES 11-20, inclusive, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), are liable for all injuries sustained by Decedent as set forth herein.

38. Defendants, CITY OF BAKERSFIELD, and DOES 11 to 20, inclusive, were objectively deliberately indifferent, as elucidated in *e.g., Farmer v. Brennan*, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), to the practice of members, employees and/or agents of defendant, CITY OF BAKERSFIELD, using excessive and unreasonable threat of force, force and violence against and upon Decedent in a willful, malicious, and unlawful manner and without cause, provocation or legal justification, and with the intent to do great bodily harm to Decedent.

39. Defendants, CITY OF BAKERSFIELD and DOES 11 to 20, inclusive, had actual and/or constructive knowledge, as elucidated in *e.g., Farmer v. Brennan*, 511 U.S. 825, 841, 114,

S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 396, 109 S.Ct.1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), that it was the practice of members, employees and/or agents of defendant, CITY OF BAKERSFIELD to use excessive and unreasonable threats of force, force and violence against and upon members of the public in a willful, malicious, and unlawful manner and without cause, provocation of legal justification, and with the intent to do great bodily harm thereto.

40.    By reason of the Defendants' conduct, as alleged herein, Decedent was deprived, under color of law, of rights, privileges, immunities, and substantive and procedural due process, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution to be secure in person and not to be subjected to the use of unwarranted, unjustified and excessive force. Plaintiff, as one of Decedent's successors in interest, is therefore entitled to recover damages pursuant to 42 U.S.C. Section 1983 and California Code of Civil Procedure Section 377.20 *et seq*.

41.    The above described policies, customs and practices of defendants, CITY OF BAKERSFIELD and DOES 11 to 20, inclusive, demonstrate a deliberate indifference on the part of policymakers of the CITY OF BAKERSFIELD to the constitutional rights of persons within the City, including Plaintiff and Decedent, and were the cause of the violations of Plaintiff and Decedent's rights alleged herein.

42.    As a direct and proximate result of the acts of Defendants, Decedent suffered, and thus Plaintiff seeks to recover, general and special damages, including but not limited to, the loss of liberty, medical expenses, lost earnings, loss of earning capacity, and loss of contributions as well as, for the reasons enunciated in *e.g., Garcia v. Whitehead*, 961 F.Supp. 230, 232-233 (C.D. Cal 1997), *Williams v. City of Oakland*, 915 F.Supp. 1074, 1079-1080 (N.D. Cal. 1996), physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

43.    The aforementioned conduct of the individual Defendants, was done maliciously, oppressively and with an intent to injure Decedent and in conscious disregard for the rights and safety of Decedent, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

Violation of 14th Amendment

Substantive Due Process (42 U.S.C. §1983)

(Against Defendants City of Bakersfield, Alejandro Patino,

and Does 1 to 20, inclusive)

44.     The foregoing allegations are incorporated as if re-alleged herein.

45.     PLAINTIFFS assert this Second Claim for Relief for the violation by Defendants of PLAINTIFFS' own rights under the Fourteenth Amendment to the United States Constitution to a familial relationship and companionship with Decedent pursuant to 42 U.S.C. §1983.

46.     As a result of the unjustified shooting of Decedent, Decedent died.

47.     In engaging in the actions and/or omissions alleged herein, OFFICER DEFENDANTS were deliberately indifferent to, or acted with reckless disregard for, as elucidated in *e.g., Smoot v. City of Placentia*, 950 F.Supp. 282, 283 (C.D. Cal. 1997), PLAINTIFFS' rights under the Fourteenth Amendment to a familial relationship and companionship with Decedent by unlawfully using excessive and deadly force against Decedent, resulting in Decedent's death and the termination of said relationship.

48.     In addition and/or alternative to the allegations above, PLAINTIFFS are informed and believe and therefore allege that, in performing the actions alleged herein, OFFICER DEFENDANTS acted with a purpose, as elucidated in, *e.g., County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1711-1712 (1998), and *Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 372-73 (9th Cir. 1998), to cause harm unrelated to legitimate use of force necessary to protect the public and themselves.

49.     Defendants, CITY OF BAKERSFIELD and DOES 11 to 20, were objectively deliberately indifferent, as elucidated in, *e.g., Farmer v. Brennan*, 511 U.S.825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), and *City of Canton, Ohio v. Harris,* 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), to the practice of members, employees and/or agents of defendant, CITY OF BAKERSFIELD, of

CHAIN | COHN | STILES

1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-10-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

depriving the family members of persons of interest of their substantive due process rights under the Fourteenth Amendment to a familial relationship with said persons by unlawfully using excessive and/or deadly force against said persons, resulting in injury to, and/or the death of, such persons, and the subsequent substantial impairment and/or termination of said familial relationships.

50.     Defendants, CITY OF BAKERSFIELD and DOES 11 to 20, inclusive, had actual and/or constructive knowledge, as elucidated in, *e.g., Farmer v. Brennan*, 511 U.S. 825, 841, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208, 103 L.Ed.2d 412 (1989) (O'Connor, J., concurring in part, dissenting in part), that it was the practice of members, employees and/or agents of defendant, CITY OF BAKERSFIELD, to deprive the family members of persons of interest of their substantive due process rights under the Fourteenth Amendment to a familial relationship with said persons by unlawfully using excessive and/or deadly force against said persons, resulting in injury to, and/or the death of, such persons, and the subsequent substantial impairment and/or termination of said familial relationships.

51.     As a direct and proximate result of the wrongful acts and omissions of Defendants, and each of them, as alleged hereinabove, Defendants have deprived PLAINTIFFS of the life of their son and father, respectively, and of his love, comfort, affection, society and support, all to their general damage in an amount to be established at the time of trial.

52.     As a direct and proximate cause of the above referenced conduct of Defendants, Plaintiffs have suffered damages as alleged herein.

53.     The aforementioned conduct of the individual Defendants was done maliciously, oppressively, and with an intent to deprive Plaintiffs of their right to a familial relationship with the Decedent, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

///

///

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-11-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

### **THIRD CLAIM FOR RELIEF**

Conspiracy to Violate Civil Rights in Violation of 42 U.S.C. §1983

(Against Defendants City of Bakersfield, Alejandro Patino,

and Does 1 to 20, inclusive)

54.     The foregoing allegations are incorporated as if re-alleged herein.

55.     OFFICER DEFENDANTS entered into a civil conspiracy to violate the civil rights of: (a) Decedent, by using excessive and ultimately deadly force upon Decedent without cause, reason or justification; and (b) PLAINTIFFS, by depriving them of their familial relationship with, and the love, society affection, companionship, contributions and support of Decedent, by shooting and ultimately killing him.

56.     In addition, said conspiracy is evidenced by the fact that Defendants aided, abetted, approved, ratified and/or deliberately and knowingly failed, refused and/or refrained from intervening in or stopping the use of force, and/or deliberately and knowingly failed, refused and/or refrained from promptly and accurately reporting the incident to their superiors and/or other authorities.

57.     Defendants, CITY OF BAKERSFIELD and DOES 11 to 20, are liable for, and proximately and legally caused, the damages alleged herein for the factual and legal reasons alleged above.

### **FOURTH CLAIM FOR RELIEF**

Wrongful Death Under California Law

(Against Defendants City of Bakersfield, Alejandro Patino,

and Does 1 to 20, inclusive)

58.     The foregoing allegations are incorporated as if re-alleged herein.

59.     OFFICER DEFENDANTS negligently and carelessly used unreasonable and excessive force against Decedent.

60.     As a direct and proximate result of said actions and/or omissions, Decedent was caused to suffer severe pain and suffering, and ultimately died and lost earning capacity.

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-12-

61.     Also as a direct and proximate cause of said actions and/or omissions, PLAINTIFFS have suffered and will continue to suffer extreme mental anguish and have been injured in mind and body. PLAINTIFFS have been deprived of the life-long love, companionship, support society, care and guidance of Decedent, and will continue to be so deprived for the remainder of their lives. Plaintiff Z.S. has also been deprived of the financial support of Decedent.

62.     The aforementioned actions and/or omissions of Defendants, and each of them, were a substantial factor in causing PLAINTIFFS' damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief and request entry of judgment in their favor and against Defendants in the form of monetary damages as follows:

A.     For compensatory damages in an amount to be proven at trial;

B.     For survival damages in an amount to be proven at trial;

C.     For punitive damages against the individual Defendants in an amount to be proven at trial;

D.     For interest provided by law;

E.     For reasonable costs of suit and attorney's fees; and

F.     For such other and further relief as the Court may deem just and proper.

DATED:     August 14, 2019          CHAIN | COHN | STILES

                                    /s/ David K. Cohn
                            By: _____
                                    DAVID K. COHN
                                    Attorney for Plaintiffs


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:     August 14, 2019          CHAIN | COHN | STILES

                                    /s/ David K. Cohn
                            By: _____
                                    DAVID K. COHN
                                    Attorney for Plaintiffs

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

-13-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL