# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON OKAMOTO, et al., <br> Plaintiffs, <br> v. <br> CITY OF BAKERSFIELD, et al., <br> Defendants. | Case No.: 1:19-cv-1125-LJO - JLT <br><br> ORDER GRANTING PETITION TO APPOINT BRITTNEY SAUCDEO AS GUARDIAN AD LITEM FOR Z.S. <br><br> (Doc. 2) |

Plaintiffs are the father and child of Christopher Okamoto. They assert the defendants are liable for the wrongful death of Mr. Okamoto. (Doc. 1 at 2) Brittney Saucedo seeks to be appointed as the guardian ad litem for her child Z.S. (Doc. 2) For the reasons set forth below, the petition is **GRANTED**.

### I.  Appointment of a Guardian Ad Litem

Pursuant to the Federal Rules of Civil Procedure, "[a] minor . . . who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). In addition, a court "must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).

Z.S. resides in Bakersfield, California (*See* Doc. 2 at 1). Under California law, an individual under the age of eighteen is a minor, and a child may bring suit only when a guardian conducts the

proceedings. Cal. Fam. Code §§ 6502, 6601. A guardian ad litem may be appointed to represent the child's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a prospective guardian ad litem, the Court must consider whether the child and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). "When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 38 (Cal. Ct. App. 4th 2007) (internal quotation marks and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id.* at 50.

**II.     Discussion and Analysis**

Z.S. is the child of Brittney Saucedo. Z.S. is minor under the age of two. *See* Doc. 2 at 1; *See* Cal. Fam. Code § 6502. As a child, Z.S.'s ability to bring suit is contingent upon appointment by the court of a guardian ad litem. Upon review of the complaint, it does not appear there are adverse interests, because Ms. Saucedo is not a named plaintiff in this action, and she will only seek to prosecute claims on behalf of Z.S. Accordingly, appointment of Ms. Saucedo as guardian ad litem for Z.S. is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent …. and who has the same interests as the child there is no inherent conflict of interest," even when the parent is a party to the lawsuit); *see also Anthem Life Ins. Co. v. Olguin*, 2007 U.S. Dist. LEXIS 37669, at *7 (E.D. Cal. May 9, 2007) (observing "[a] parent is generally appointed guardian ad litem").

**III.    Conclusion and Order**

The decision whether to appoint a guardian ad litem is "normally left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land, etc.*, 795 F.2d 796, 804 (9th Cir. 1986). Here, it does not appear Ms. Saucedo has conflicting interests, and as such she may be appointed to represent the interests of her child. Therefore, the Court is acting within its discretion to grant Plaintiff's motion for appointment of Ms. Saucedo as the guardian ad litem.

Based upon the foregoing, the Court **ORDERS**:

1. The motion for appointment of Brittney Saucedo as guardian ad litem for Z.S. (Doc. 2)

is **GRANTED**; and

2. Brittney Saucedo is appointed to act as guardian ad litem for plaintiff Z.S and is authorized to prosecute this action on the child's behalf.

IT IS SO ORDERED.

Dated: __**October 23, 2019**__     __**/s/ Jennifer L. Thurston**__
UNITED STATES MAGISTRATE JUDGE